**2014-1271**

**(U.S. Patent Application No. 11/217,904)**

In The

# United States Court of Appeals

### For The Federal Circuit

# IN RE JAMES E. STOLLER

**APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD**

---

## BRIEF OF APPELLANT

---

Mathew R. P. Perrone, Jr.
LAW OFFICE OF MATHEW R. P. PERRONE, JR.
210 South Main Street
Algonquin, Illinois  60102
(847) 658-5140

*Counsel for Appellant*

THE LEX GROUP[DC] ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C.  20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

In re Stoller _____ v. _____

No. _____

CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party) _____ Stoller _____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

James E. Stoller

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Not Applicable

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Not Applicable

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Mathew R. P. Perrone, Jr.

_____ March 24, 2014 _____                          _____
Date                                                Signature of counsel

                                                    Mathew R. P. Perrone, Jr.
                                                    Printed name of counsel

Please Note: All questions must be answered

cc: Director, US Patent and Trademark Office

i

CASE PARTICIPANTS ONLY

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ...................................................................i

TABLE OF CONTENTS........................................................................ ii

TABLE OF AUTHORITIES ...................................................................iv

TABLE OF ABBREVIATIONS ..............................................................vi

STATEMENT OF RELATED CASES ................................................. vii

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF THE ISSUES...............................................................2

STATEMENT OF THE CASE AND THE FACTS...................................3

    I.    The '904 Patent Application ...................................................4

    II.    Stoller Appealed the Final Rejection of Claims 21-37 ........................5

    III.    The Board's Decision...................................................7

    IV.    Definition of the Term "Laminated"....................................7

SUMMARY OF THE ARGUMENT ........................................................9

ARGUMENT ........................................................................................10

    I.    The USPTO Erred in Affirming the § 102 Rejection of Claims 21, 26 and 35 ......................................................................10

        A.    Anticipation Requires Strict Identity .......................................10

        B.    Standard of Review................................................................10

        C.    Sibbet Does Not Anticipate Claims 21, 26, and 35 .................10

II.  The USPTO Erred In Affirming the § 103(a) Rejection of Claims 21, 28, and 36 ........................................................... 13

    A.  Sibbet in View of Stoller Does Not Render Claims 21, 28, and 36 Unpatentable ........................................................... 13

III.  The USPTO Erred In Affirming the § 103(a) Rejection of Claims 22, 29, 30, and 37 .................................................... 16

    A.  Sibbet in View of Stoller and Simmons Does Not Render Claims 22, 29, 30, and 37 Unpatentable .................................... 16

IV.  The USPTO Erred In Affirming the § 103(a) Rejection of Claims 23-27 and 31-34 ..................................................... 17

    A.  Sibbet in View of Stoller and Simmons and Further in View of Powell Does Not Render Claims 23-27 and 31-34 Unpatentable ........................................................... 18

V.  The Boards Decision Should Be Reversed ......................................... 20

CONCLUSION ................................................................................... 21

ADDENDUM

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.,
    776 F.2d 281, 227 USPQ 657 (Fed. Cir. 1985)..............................19

Constant v. Advanced Micro-Devices Inc.,
    848 F.2d 1560, 7 USPQ2d 1057 (Fed. Cir. 1988)..........................8

Cybor Corporation v. FAS Technologies Inc. and Fastar Ltd.,
    138 Fed. Rep. 3d 1448, 46 USPQ2d 1169 (Fed. Cir. 1998)..........................20

Datascope Corp. v. SMEC, Inc.,
    776 F.2d 320, 227 USPQ 838 (Fed. Cir. 1985)..............................15

Day Int'l, Inc. v. Reeves Bros. Inc.,
    260 F.3d 1343; 2001 U.S. App. LEXIS 17883;
    59 U.S.P.Q.2D (Aug. 14, 2001)......................................9

Gechter v. Davidson,
    116 F.3d 1454 (Fed. Cir. 1997) ....................................10

In re Aslanian,
    590 F.2d 911 (C.C.P.A. 1979 ......................................8

In re Bond,
    910 F.2d 831, 15 USPQ2D 1566 (Fed. Cir. 1990)........................12

In re Dean,
    291 F.2d 947, 130 U.S.P.Q. 107 (C.C.P.A. 1961 ...................... 7-8

In re Gartside,
    203 F.3d 1305 (Fed. Cir. 2000) ....................................10

Interconnect Planning Corp. v. Feil,
    774 F.2d 1132, 227 USPQ 543 (Fed. Cir. 1985)..........................19

Kalman v. Kimberly Clark,
    713 F.2d 760 (Fed. Cir. 1983) .......................................................10

Mendenhall v. Astec Industries, Inc.,
    1988 WL 188449, 13 USPQ2d 1913 (TN 1988), aff'd,
    887 F.2d 1094, 13 USPQ2d 1956 (Fed. Cir. 1989).................................15, 17

Richardson v. Suzuki Motor Co.,
    868 F.2d 1226 (Fed. Cir. 1989) ....................................................10

Structural Rubber Prod. Co. v. Park Rubber Co.,
    749 F.2d 707, 223 USPQ 1264 (Fed. Cir. 1984)...........................................12

Uniroyal, Inc. v. Rudkin-Wiley Corp.,
    837 F.2d 1044, 5 USPQ2d 1434 (Fed. Cir. 1988)........................................20

**STATUTES**

28 U.S.C. § 1295(a)(4)(A) ...................................................................1

35 U.S.C. § 102.............................................................................10

35 U.S.C. § 102(b) ...................................................................2, 3, 5, 10

35 U.S.C. § 103(a) .......................................................................passim

**OTHER AUTHORITY**

Merriam Webster Dictionary definition of "laminated", retrieved from
http://www.learnersdictionary.com/search/laminated ....................................... 11-12

# TABLE OF ABBREVIATIONS

"Stoller" refers to Appellant James E. Stoller.

"904 patent application" refers to U.S. Patent Application No. 11/217,904.

"JA" refers to a page in the Joint Appendix.

"USPTO" refers to the United States Patent and Trademark Office.

"The Board" refers to the Patent Trial and Appeal Board.

"Decision" refers to the Decision on Appeal rendered by the Patent Trial and Appeal Board on October 24, 2013.

"IFW" refers to the "image file wrapper," the official file record of the USPTO for ex parte proceedings, and an electronic repository of patent prosecution records maintained by the USPTO.

## STATEMENT OF RELATED CASES

Appellant James E. Stoller (Stoller) states that no other appeal in or from this action has previously been before this or any other appellate court. Counsel knows of no case pending in this or any other court that will directly affect or be directly affected by this Court's decision in this pending appeal.

## JURISDICTIONAL STATEMENT

The Patent Trial and Appeal Board (Board) entered its original decision (JA1) on Stoller's appeal from the Examiner's rejection of all claims in the '904 patent application on October 24, 2013 (JA30). Stoller filed its Notice of Appeal to this Court (JA136) on December 23, 2013, not less than, and exactly 60 days from, the date the Board rendered its final decision (JA1). Since Stoller's Notice of Appeal was timely filed, this Court has jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## STATEMENT OF THE ISSUES

1.      Did the Board err in affirming the rejection of claim 35 of the '904 patent application, specifically rejecting claim 35 under 35 U.S.C. § 102(b) as being anticipated by Sibbet (U.S. 2004/0013824 A1, pub. Jan. 22, 2004) (JA55)? It is unclear whether this rejection should have included claims 21 and 26 as well, as in the Final Rejection (JA30), since these claims were left out of the rejections listed in the Examiner's Advisory Action of Nov. 16, 2012, (JA82). The rejections of claims 21 and 26 under this section are being argued as well hereinbelow, in case their omission from this rejection by the Examiner was inadvertent.

2.      Did the Board err in affirming the rejection of claims 21, 28, and 36 under 35 U.S.C. § 103(a) as being unpatentable over Sibbet (JA55) and Stoller (U.S. 6,739,088 Bl, iss. May 25, 2004) (JA44)?

3.      Did the Board err in affirming the rejection of claims 22, 29, 30, and 37 under 35 U.S.C. § 103(a) as being unpatentable over Sibbet (JA55), Stoller (JA44) and Simmons (U.S. 3,252,251, iss. May 24, 1966) (JA41)?

4.      Did the Board err in affirming the rejection of claims 23-27 and 31-34 under 35 U.S.C. § 103(a) as being unpatentable over Sibbet (JA55), Stoller (JA44), Simmons (JA42) and Powell (U.S. 213,932, iss. April 1, 1879) (JA38)?

## STATEMENT OF THE CASE AND THE FACTS

This case involves prosecution of the '904 patent application (JA8 and JA28). The Examiner issued a Final Rejection (JA30) in which claims 21-37 of the '904 patent application were finally rejected.  The Examiner finally rejected 35 (and possibly claims 21 and 26 as well) under 35 U.S.C. § 102(b) (JA33) as being anticipated by Sibbet (U.S. 2004/0013824 A1, pub. Jan. 22, 2004) (JA55), claims 21, 28, and 36 under 35 U.S.C. § 103(a) (JA34) as being unpatentable over Sibbet (JA55) and Stoller (U.S. 6,739,088 Bl,  iss. May 25, 2004) (JA44), claims 22, 29, 30, and 37 under 35 U.S.C. § 103(a) (JA35) as being unpatentable over Sibbet (JA55), Stoller (JA44), and Simmons (U.S. 3,252,251, iss. May 24, 1966) (JA41), and claims 23-27 and 31-34 under 35 U.S.C. § 103(a) (JA35) as being unpatentable over Sibbet (JA55), Stoller (JA44), Simmons (JA41), and Powell (U.S. 213,932, iss. April 1, 1879) (JA38). Appellant filed a Response to Final Rejection (JA62) on November 7, 2012, a Notice of Appeal (JA86) on December 7, 2012, and an Appeal Brief (JA87), on January 7, 2013.  The Examiner's Answer (JA129) was filed on or about March 15, 2013.  Appellant filed a Reply Brief on March 25, 2013 (JA129).  The Board affirmed the Examiner's Rejection in a Decision on Appeal (Decision) (JA1) on October 24, 2013.  No Request for Reconsideration by the Board was filed by Appellant.

The facts are as follows:

## I.    The '904 Patent Application

The '904 patent application is directed to a "Reinforced, Scrim Supported, Impermeable, Protective, Winter Turf Cover" (JA8 and JA28). The winter turf cover is disclosed in the patent as having a scrim layer laminated to at least one polyolefin sheet (JA18).

Figure 2 of the '904 patent application (JA28) depicts a cross-section of the cover according to the invention . The figure (JA28) clearly depicts a "bottom polyethylene layer 112 and a top polyethylene layer 114 have a scrim layer 116 secured therebetween with a now solidified molten polyethylene 118" (JA15).  The '904 patent application discloses that "keeping water or snow from contacting or penetrating golf green 110, crown hydration during winter months of colder climates is avoided" (JA15).

Claims 21 and 28 are the only independent claims and read (indentation and emphases added):

21.  A winter turf cover for a golf green comprising:
     (a)  a *scrim layer secured to at least one  polyolefin sheet*;
     (b)  the at least *one polyolefin sheet being secured to on a first scrim side of the scrim sheet;*
     (c)  the at least one polyolefin sheet being polypropylene or polyethylene;
     (d)  the *scrim layer being laminated to the at least one polyolefin  sheet*;
     (e)  the winter turf cover being water impermeable;
     (f)  the at least one polyolefin sheet being a first polyolefin sheet on a first scrim side of the scrim sheet;

(g)  *the at least one polyolefin sheet including a second polyolefin sheet*;

(h)  the second polyolefin sheet forming part of the protective winter turf cover;

(i)  *the second polyolefin sheet being laminated to a second scrim side of the scrim sheet*; and

(j)  the first scrim side of the scrim sheet being oppositely disposed from the second scrim side of the scrim sheet.

28.  A method for making a winter turf cover comprising:

(a)  *laminating a scrim layer to at least one  polyolefin sheet;*

(b)  securing the at least one polyolefin sheet on a first scrim side of the scrim sheet;

(c)  the winter turf cover being water impermeable;

(d)  the at least one polyolefin sheet being polypropylene or polyethylene;

(e)  the polyolefin sheet being a first polyolefin sheet on a first scrim side of the scrim sheet;

(f)  *the at least one polyolefin sheet including a second polyolefin sheet* forming part of the protective winter turf cover;

(g)  *the second polyolefin sheet being on a second scrim side of the scrim sheet*; and

(h)  the first scrim side of the scrim sheet being oppositely disposed from the second scrim side of the scrim sheet.

The portions of claim 21 and 28 in italics above are the key elements

discussed below.

## II.    Stoller Appealed the Final Rejection of Claims 21-37

During examination of the '904 patent application, the Examiner rejected

claims 21-37 of the '904 patent application, specifically rejecting claims 35 (and

possibly claims 21 and 26) under under 35 U.S.C. § 102(b) (JA33) as being

anticipated by Sibbet (U.S. 2004/0013824 A1, pub.  Jan. 22, 2004) (JA55),

rejecting claims 21, 28, and 36 under 35 U.S.C. § 103(a) (JA44) as being

unpatentable over Sibbet (JA55) and Stoller (U.S. 6,739,088 Bl, iss. May 25, 2004) (JA37), rejecting claims 22, 29, 30, and 37 under 35 U.S.C. § 103(a) (JA45) as being unpatentable over Sibbet (JA55), Stoller (JA44) and Simmons (U.S. 3,252,251, iss. May 24, 1966) (JA41), and rejecting claims 23-27 and 31-34 under 35 U.S.C. § 103(a) (JA35) as being unpatentable over Sibbet (JA55), Stoller (JA44), Simmons (JA41) and Powell (U.S. 213,932, iss. April 1, 1879) (JA38).

Stoller appealed the final rejection of claims 21-37 (JA87). Stoller argued, inter alia, first with respect to anticipation by Sibbet, that Sibbet is completely silent with respect to the forming of a unitary, single layer cover from two layers of plastic with a layer of scrim therebetween, with the layers being laminated together to form the unitary single layer cover of Appellant (JA74).  Then, secondly, Appellant also argued that it is clearly shown in FIGS. 2 and 4 (JA56-JA57) of Sibbet that his mesh bottom layer and top plastic layer are not capable of being formed into a single layer cover comprised of a scrim sandwiched between two layers of plastic with all layers being laminated together into a single layer unitary structure inasmuch as there must be a separation between the mesh bottom layer and plastic top layer to accommodate placement of insulating straw therebetween (JA75).  Appellant further argued against the various 103 rejections issued on the claims, based on a combination of Sibbet (JA55) with other prior art disclosures (JA38, JA41, and JA44).

The Examiner's Answer to Stoller's Appeal Brief (JA117) appears to essentially comprise a restatement of the Final Rejection and is not seen to provide any further or new argument or evidence with regard to the rejections, continuing with his opinion that: "laminated can be interpreted as covered or layered; paragraph [0006] (JA120), contrary to the opinion of Appellant, as contradicted in Appellant's Reply Brief (see definition provided) (JA145).

## III.   The Board's Decision

The Board affirmed the Examiner's rejections (JA1).  In doing so, the Board referred to the Examiner's statements of the rejection, as set forth in the Examiner's Answer to the Appeal Brief (JA117). Inasmuch as the entire argument appears to center around the definition of the term "laminated", that will be addressed first in general.

## IV.   Definition of the Term "Laminated"

The Board made note that:

"Even if we were to adopt the definition of laminated proffered by Appellant, "made by pressing together thin layers of material" (App. Br. 24), Appellant does not present any arguments as to why such pressing excludes that conducted by mechanical means as in Sibbet."

This opinion rendered by the Board is not well taken in that it flies in the face of the teachings in the specification, upon which the claims are based, and are not to be viewed in a vacuum. In re Dean, 291 F.2d 947, 130 U.S.P.Q. 107, 110

(C.C.P.A. 1961):  "Claims are read in the light of the disclosure of the specification on which they are based, not in a vacuum."

Further, it has been long accepted that Appellant may be his own lexicographer so long as the word or words used in the claims are clearly defined in the specification. Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 7 USPQ2d 1057 (Fed. Cir. 1988):  "... a patentee may be his own lexicographer ... the patent specification must support his asserted definition."

Appellant believes his burden has been met when looking at the definition of the word "laminated" as used in the claims (JA138), rather than engendering the broad scope of the definition of the term as the Board set forth (JA4-JA5).

Still further, Appellant cites the decision in In re Aslanian, 590 F.2d 911, 914 (C.C.P.A. 1979) for the proposition that drawings are "evaluated on the basis of what they reasonably disclose and suggest to one skilled in the art" with respect to a visual comparison between the Figures of Appellant (JA28-JA29) and those of Sibbet (JA55-JA57). There is clearly no correlation of what the Board opines found there either.

The Board erred in affirming Examiner's rejections of claims 21, 28 and 35 because it failed to interpret the term "laminated" to require that multiple layers be fused, bonded, adhered or pressed together into a unitary structure. Appellant's Specification provides an implicit definition for the term "laminated" because

Appellant uses the term consistently and exclusively under a specific defining scope**.** Furthermore, extrinsic evidence, including dictionary definitions and analogous prior art, support Appellant's definition of the term "laminated." Lastly, the prior art cited by Examiner does not disclose the "laminated" element in Appellant's claims because the mechanical "fastening" means disclosed in the prior art does not fuse, bond, adhere or press together multiple layers of the turf cover into a unitary structure. While this definition of laminated is rejected by the Board, it is supported in many court cases. Many court cases support the definition of laminated as proposed by appellant. One example of such a case is <u>Day Int'l, Inc. v. Reeves Bros. Inc.</u>, 00-1505, United States Court of Appeals for the Federal Circuit, 260 F.3d 1343; 2001 U.S. App. LEXIS 17883; 59 U.S.P.Q.2D (BNA) 1790, August 9, 2001, Decided , As Corrected August 14, 2001.

## SUMMARY OF THE ARGUMENT

The use of straw in Sibbet (JA48) makes this reference inapplicable to the claims on appeal. Since the primary reference Sibbet (JA48) has this defect the entire citation thereof alone, and with the modifying references as used against the instant claims must fall.

## ARGUMENT

### I. The USPTO Erred in Affirming the § 102 Rejection of Claims 21, 26 and 35

#### A. Anticipation Requires Strict Identity

The standard for anticipation under Section 102 is one of strict identity. "Under 35 U.S.C. § 102, every limitation of a claim must identically appear in a single prior art reference for it to anticipate the claim." <u>Gechter v. Davidson</u>, 116 F.3d 1454, 1457 (Fed. Cir. 1997). In addition, "[e]very element of the claimed invention must be literally present, arranged as in the claim." <u>Richardson v. Suzuki Motor Co.</u>, 868 F.2d 1226, 1236 (Fed. Cir. 1989). Thus, the linchpin of an anticipation rejection is a prior art reference in which "each element of the claim in issue is found, either expressly described or under principles of inherency." <u>Kalman v. Kimberly Clark</u>, 713 F.2d 760, 771 (Fed. Cir. 1983).

#### B. Standard of Review

Anticipation is a question of fact. <u>Gechter</u>, <u>supra</u>, 116 F.3d at 1457. This Court reviews the Board's findings of fact for substantial evidence. <u>In re Gartside</u>, 203 F.3d 1305, 1316 (Fed. Cir. 2000).

#### C. Sibbet Does Not Anticipate Claim  21, 26, and 35

Claim(s) (possibly 21, 26, and) 35 stand rejected under 35 U.S.C. 102(b)(See Office Action Final Rejection (JA30) v. Advisory Action (JA82) as being anticipated by Sibbet (JA55). Sibbet, throughout, and most

significantly in Paragraph 30 (JA59) thereof, clearly and concisely describes his structure to necessarily include two separate, independent covers or layers, not appellant's claimed unitary, bonded (through lamination) cover. In the structure of Sibbet, loops (JA59) are required to **releasably** join the edges of the two independent layers thereof together (JA61), for required accommodation of insulation, in the form of hay or straw, therebetween (JA61).

Thus, Sibbet cannot be considered as teaching any equivalent to the two polyolefin layers with a reinforcing scrim layer therebetween as claimed by appellant, which layers are fused (by **lamination**) into a unitary structure, i.e., a single layer cover (JA64), by a molten bond used to hold appellant's layers together (JA65).  Furthermore, the Sibbet structure is comprised of a first and separate bottom mesh layer (JA61) and a second and separate top waterproof plastic layer (JA61), which layers cannot be laminated into a single layer as an insulating straw layer is required to be positioned therebetween (JA61) without destroying the teachings of Sibbet. Further, wind blowing across the Sibbet structure, attached to ground at a golf course, could easily rip or displace the separate top waterproof plastic layer of Sibbet and inherently allow destruction of the subjacent insulating straw layer of Sibbet.  Appellant's unitary cover comprised of  layers of  material <u>laminated</u> into a single layer cover (JA64), on the other hand, i.e., "made by <u>pressing  together</u> thin layers of material" (JA13) (<u>Merriam Webster</u>

Dictionary definition of "laminated", retrieved from http://www.learnersdictionary. com/search/laminated) (JA138), prevent any such potential wind damage because of the reinforcing scrim layer bonded between the two polyolefin outer layers (JA138). Accordingly, Sibbet's two separate, edge bound (by loops) sheets or layers (JA61), with the required straw insulating layer between them (JA61), cannot in any manner whatsoever, anticipate the claimed invention.

Accordingly, anticipation cannot exist in light of the decision rendered in In re Bond, 910 F.2d 831, 15 USPQ2D 1566 (Fed. Cir. 1990):

> "For a prior art reference to anticipate in terms of 35 U.S.C. Section 102, every element of the claimed invention must be identically shown in a single reference. These elements must be arranged as in the claim under review ...."

Additionally, attention is directed to the decision rendered in Structural Rubber Prod. Co. v. Park Rubber Co., 749 F.2d 707, 223 USPQ 1264 (Fed. Cir. 1984).

Anticipation can only be established by a single prior art reference which discloses each and every element of the claimed invention. Anticipation is not shown even if the differences between the claims and the prior art references are insubstantial and the missing elements could be supplied by the knowledge of one skilled in the art.

Thus, Sibbet does not anticipate because it does not identically disclose a plurality of individual elements as italicized in the claims presented above.

The Board's findings of fact in support of its decision do not meet the substantial evidence test.

## II. The USPTO Erred in Affirming the § 103(a) Rejection of Claims 21, 28, and 36

The Board erred in affirming the rejection of claims 21, 28, and 36 under 35 U.S.C. § 103(a) (JA34) as being unpatentable over Sibbet (JA55) and Stoller (U.S. 6,739,088 Bl, iss. May 25, 2004) (JA44).

### A. Sibbet in View of Stoller Does Not Render Claims 21, 28, and 36 Unpatentable

Not only are these references improperly combined, even if the references are assumed combinable for the sake of argument, appellant's claimed structure still is not taught.

Each layer of the structure in the Stoller reference is formed from an oriented fabric (JA53). Such structure teaches away from the use of a scrim reinforcing layer bonded to and between two polyolefin layers (JA64), as claimed (JA64) in the current invention under Appeal. Stoller here is claiming an improved embodiment, to which act there is no block in the law. As clearly argued above, Sibbet must inherently use two edge-joinable separate layers to accommodate his straw insulating layer to be positioned between his edge-joinable layers (JA61). There is no suggestion, much less teaching or motivation, provided by Sibbet to join any layer of his structure to, or even to replace any layer of his structure with

appellant's cover comprising scrim bonded to and between two polyolefin layers (JA64-JA67) of appellant's unitary laminated cover.  Absent such teaching, these references cannot be combined.

Even if the references are assumed combinable for the sake of argument, appellant's invention still is not taught.  Putting a layer of one sheet from Sibbet on the Stoller invention destroys the teaching of the Sibbet structure when viewed as a whole and would prohibit the required loop joining of his edges (JA61). The addition of a single Sibbet sheet or layer onto the sheet or layer of the Stoller reference, as the Examiner opines, only provides a layer on an oriented sheet, not on a scrim, as claimed in the subject application.  Appellant's claimed structure is more durable and more compact than the sheet the Examiner machinates from an unworkable, improbable combination of the explicit teachings of each piece of prior art.  Therefore, the Examiner's proposed combination cannot and does not render the herein claimed unitary cover made of two polyolefin layers bonded to a scrim layer therebetween (JA64-JA67), obvious.

Moreover, Sibbet's straw insulating layer (JA61) is contrary to appellant's structure.  Sibbet's four to six inch straw layer (JA60) is completely absent from appellant's teaching of a laminated unitary structure (JA64).  Further Sibbet's straw layer cannot be removed without losing the required insulating function, a primary necessity for the structure of Sibbet (JA61). Sibbet could also be

considered as leading away from Appellant's unitary structure. Appellant's structure is now defined as being clearly and completely bonded throughout the sheet. Appellant clearly teaches a structure that insulates without straw and has many advantages over the cited art. Appellant's molten layer bonding (lamination) (JA13) is complete, and very distinct from Sibbet's mere edge loop tying (JA61).

Accordingly, this rejection is also not seen to be founded on a solid evidentiary base. Here the Board is directed to the decision rendered in <u>Datascope Corp. v. SMEC, Inc.</u>, 776 F.2d 320, 227 USPQ 838 (Fed. Cir. 1985):

> "Whether prior art disclosures could physically be substituted in a combination like that claimed in the patent is irrelevant in determining obviousness under Section 103."

And, since it could be argued that the teachings of Sibbet actually lead away from appellant's disclosure, the Board is directed to the decision rendered in <u>Mendenhall v. Astec Industries, Inc.</u>, 1988 WL 188449, 13 USPQ2d 1913, 1939 (TN 1988), aff'd, 887 F.2d 1094, 13 USPQ2d 1956 (Fed. Cir. 1989):

> "Since the hypothetical person of ordinary skill in the art defined by 35 U.S.C. 103 is presumed to know of all pertinent prior art, consideration must be given to prior art that would lead one away from the invention as well as that which is argued to lead toward it."

## III.   The USPTO Erred in Affirming the § 103(a) Rejection of Claims 22, 29, 30, and 37

The Board erred in affirming the rejection of claims 22, 29, 30, and 37 under 35 U.S.C. § 103(a) (JA34) as being unpatentable over Sibbet (JA55), Stoller (JA44)and Simmons (U.S. 3,252,251, iss. May 24, 1966) (JA41).

### A.   Sibbet in View of Stoller and Simmons Does Not Render Claims 22, 29, 30, and 37 Unpatentable

Claims 22, 29, 30 and 37 are next rejected under 35 U.S.C. 103(a) (JA34 as being unpatentable over Sibbet (JA55) in view of Stoller (JA44) and Simmons (JA41). Not only are these references improperly combined, but even if the references are assumed combinable for the sake of argument, appellant's invention still is not taught.

Not a single cited reference shows appellant's formerly molten polyolefin bond used to join two polyolefin sheets together through lamination (JA64) with a scrim layer sandwiched therebetween (JA64). Loop edge engagement of the two separate layers of Sibbet (JA61) about a center straw insulating layer (JA61) is clearly not equivalent thereto.

Thus, as argued above, the combination of the teachings of Sibbet and Stoller would still lack essential elements and structures of appellant's claims and the addition of Simmons does not overcome these deficiencies.

In Claim 21, appellant discloses a protective winter turf cover with a formerly molten polyolefin bonding the first polyolefin sheet (114), the second polyolefin sheet (112) and the scrim sheet (116) together (JA15). The scrim layer is bonded between the two polyolefin sheets and provides a reinforcing layer to the cover by lamination (JA11). A ground holding device which secures the cover in place is also present (JA11).

Simmons (JA41) shows a completely different, and substantially opposite, laminate than that of appellant. Simmons specifically teaches controlling the degree of lamination (JA41) and <u>avoids</u> embedding so his layers can be manually pulled apart by an average person (JA41). On the other hand, appellant firmly and permanently laminates the first and second polyolefin layers and the intervening scrim together, by use of the formerly molten layer of polyolefin (JA64). Simmons thus could be construed as teaching away from appellant's structure. The Board is again directed to the decision rendered in <u>Mendenhall v. Astec Industries, Inc.,</u> <u>supra</u>.

This rejection cannot stand as it is of no merit.

## IV. The USPTO Erred in Affirming the § 103(a) Rejection of Claims 23-27 and 31-34

The Board erred in affirming the rejection of claims 23-27 and 31-34 under 35 U.S.C. § 103(a) (JA35) as being unpatentable over Sibbet (JA55), Stoller (JA44), Simmons (JA41) and Powell (U.S. 213,932, iss. April 1, 1879) (JA38).

### A. Sibbet in View of Stoller and Simmons and Further in View of Powell Does Not Render Claims 23-27 and 31-34 Unpatentable

Claims 23 to 27 and 31 to 34 are next rejected under 35 U.S.C. 103(a) (JA35) as being unpatentable over Sibbet (JA55) in view of Stoller (JA37) and Simmons (JA44) and further in view of Powell (JA38).

There is no teaching to use the hold down structure of Powell (JA38-JA40) with Appellant's structure. Since the other references do not show Appellant's claimed structure, the lack of such teaching again renders the references improperly combined.

Even if the references are assumed combinable for the sake of argument, appellant's invention still is not taught. Powell is alleged to compensate for the deficiencies of the first two references by disclosing hold down methods. Powell does not compensate for the other deficiencies of the other references, as argued above. Therefore, this combination of references cannot render the claimed invention obvious.

Appellant's invention, due to its layer bonding through lamination, provides an unique, durable structure, which is more efficient and of significantly lower cost than what the prior art or any reasonable combination thereof, offers. Using a hold down structure, as in Powell, still does not render appellant's structure obvious, in view of the deficiencies in the other references.

Appellant's advantages are clearly disclosed, plainly discussed and well emphasized in appellant's claims and specification.  These factors bring this application into the realm of <u>Ashland Oil, Inc., v. Delta Resins & Refractories, Inc.</u>, 776 F.2d 281, 227 USPQ 657 (Fed. Cir. 1985):

> "To combine references (A) and (B) properly to reach the conclusion that the subject matter of a patent would have been obvious, case law requires that there must be some teaching, suggestion, or inference in either reference (A) or (B), or both, or knowledge generally available to one of ordinary skill in the relevant art that would lead one skilled in the art to combine the relevant teachings in the references (A) and (B).  Consideration must be given to teachings in the references that would have led one skilled in the art <u>away</u> from the claimed invention.  A claim cannot properly be used as a blueprint for extracting individual teachings from the references."

It further appears from all the machinations the Examiner has tried to go through to come up with appellant's claimed structure that he is trying to fill a mold provided by appellant with uncombinable teachings from various pieces of prior art, which would require an attempt at hindsight reconstruction on the Examiner's part, which is not allowable by law. Here the Board is directed to the decision rendered in: <u>Interconnect Planning Corp. v. Feil</u>, 774 F.2d 1132, 227 USPQ 543 (Fed. Cir. 1985):

> "It is error to reconstruct the patentee's claim as a "blueprint."  When prior art references require selective combination to render obvious a subsequent invention, there must be some reason for the combination other than the hindsight obtained from the invention itself.  It is critical to understand the particular results achieved by the new combination."

And to the decision rendered in <u>Uniroyal, Inc. v. Rudkin-Wiley Corp.</u>, 837

F.2d 1044, 5 USPQ2d 1434 (Fed. Cir. 1988):

> "The district court erred in finding the patent claiming an air
> deflecting device for reducing wind resistance encountered by tractor-
> trailer combination vehicles invalid for obviousness by impermissibly
> <u>us[ing]</u> hindsight to reconstruct the claimed invention from prior art
> with the [patented] invention before it … rather than viewing the
> invention from the position of a person of ordinary skill at the time it
> was made…."

## V.    The Board's Decision Should Be Reversed

The Board's decision and interpretation of the claims are reversible based

on the decision set forth in <u>Cybor Corporation v. FAS Technologies Inc. and Fastar</u>

<u>Ltd.</u>, 138 Fed. Rep. 3d 1448, 46 USPQ2d 1169 (Fed. Cir. 1998):

> "…thus claim construction is subject to <u>de novo</u> review by Court of
> Appeals.  … the court reviews claim construction <u>de novo</u> on appeal."

Thus, Stoller is entitled to a review of the claims, which goes above and the

decisions of record.  Because the Board's decision affirming the Examiner's

rejection is based on findings of fact relating to the prior art disclosures which do

not meet the substantial evidence test, and because Sibbet does not identically

disclose every element of the '904 patent application claims, the Board's decision

should be reversed.

## CONCLUSION

This Court has jurisdiction since Stoller's Notice of Appeal was timely filed, and the Court is asked to so rule. The Board's decision, affirming the Examiner's rejection of claims 21-37 was based upon speculation, not substantial evidence. Accordingly, the Court is asked to reverse the rejections of those claims.

Date: <u>March 28, 2014</u>     By: <u>/s/ Mathew R. P. Perrone, Jr.</u>
                                           Mathew R. P. Perrone, Jr.
                                           Law Office of Mathew R. P. Perrone, Jr.
                                           210 South Main Street
                                           Algonquin, IL 60102-2639
                                           Phone: 847-658-5140
                                           Attorney for Appellant

CASE PARTICIPANTS ONLY

# ADDENDUM

# TABLE OF CONTENTS

**Addendum Page**

Opinion of
The Honorable Jennifer D. Bahr, Charles N. Greenhut and
Michael C. Astorino
Re: Affirming Examiner's Rejections
        filed October 24, 2013 ..........................................................................Add. 1

CASE PARTICIPANTS ONLY

 UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/217,904 | 09/01/2005 | James E. Stoller | Y5.0073 | 7515 |

29438          7590          10/24/2013
MATHEW R. P. PERRONE, JR.
210 SOUTH MAIN STREET
ALGONGUIN, IL 60102-2639

| EXAMINER |
|---|
| VALENTI, ANDREA M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3643 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/24/2013 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated  "Notification Date" to the following e-mail  address(es):

mperrone@perronepatents.com
mmcreynolds@perronepatents.com

PTOL-90A  (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE
———————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD
———————————

*Ex parte* JAMES E. STOLLER
———————————

Appeal 2013-005972
Application 11/217,904
Technology Center 3600

———————————

Before:  JENNIFER D. BAHR, CHARLES N. GREENHUT, and
MICHAEL C. ASTORINO, *Administrative Patent Judges*.

GREENHUT, *Administrative Patent Judge*.

DECISION ON APPEAL

Appeal 2013-005972
Application 11/217,904

## STATEMENT OF CASE

Appellant appeals under 35 U.S.C. § 134 from a rejection of claims 21-37. We have jurisdiction under 35 U.S.C. § 6(b). A previous appeal, 2009-013845, was taken in this application.

We affirm.

The claims are directed to a reinforced, scrim supported, impermeable, protective, winter turf cover. Claim 21, reproduced below, is illustrative of the claimed subject matter:

> 21. A winter turf cover for a golf green comprising:
> (a) a scrim layer secured to at least one polyolefin sheet;
> (b) the at least one polyolefin sheet being secured to on a first scrim side of the scrim sheet;
> (c) the at least one polyolefin sheet being polypropylene or polyethylene;
> (d) the scrim layer being laminated to the at least one polyolefin sheet;
> (e) the winter turf cover being water impermeable;
> (f) the at least one polyolefin sheet being a first polyolefin sheet on a first scrim side of the scrim sheet;
> (g) the at least one polyolefin sheet including a second polyolefin sheet;
> (h) the second polyolefin sheet forming part of the lightweight, compactly foldable, protective winter turf cover;
> (i) the second polyolefin sheet being laminated to a second scrim side of the scrim sheet; and
> j) the first scrim side of the scrim sheet being oppositely disposed from the second scrim side of the scrim sheet.

## REJECTIONS

Claim 35 is rejected under 35 U.S.C. § 102(b) as being anticipated by Sibbet (U.S. 2004/0013824 A1, pub. Jan. 22, 2004). Ans. 5.

2

Appeal 2013-005972
Application 11/217,904

Claims 21, 28, and 36 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Sibbet and Stoller (U.S. 6,739,088 B1, iss. May 25, 2004). Ans. 6.

Claims 22, 29, 30, and 37 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Sibbet, Stoller and Simmons (U.S. 3,252,251, iss. May 24, 1966). Ans. 7.

Claims 23-27 and 31- 34 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Sibbet, Stoller, Simmons and Powell (U.S. 213,932, iss. April 1, 1879). Ans. 8.


OPINION

Initially we note that Appellant appears to have misstated the rejections currently applied. App. Br 22, 23, 25, 28, 30.  Further, no rejection under 35 U.S.C. § 112 is before us for review. *See* App. Br. 22-23.

Claim 35 is the only claim rejected under 35 U.S.C. § 102. *Contra* App. Br. 23. Appellant argues that Sibbet fails to disclose "appellant's claimed unitary bonded cover" and "layers []fused into a unitary structure by the claimed molten bond used to hold appellant's layers together." App. Br. 23. Our response is the same as the Examiner's: the claim contains no recitations regarding these features. *See* Ans. 9.

At best, Appellant's argument is that "laminated" should be construed to mean more narrowly than the Examiner has done. The Specification does not expressly define "laminated." Rather, it states the preferred or best mode for lamination. Spec. 5:23-6:1. It is well settled that claims may reach beyond the preferred embodiment or best mode of the invention described in the Specification. Where Appellant has elected to omit language in the claims limiting the features of the claimed invention to that of the preferred

3

Appeal 2013-005972
Application 11/217,904

embodiment, it is not our place to import limitations into the claims that would do so. *See SuperGuide Corp. v. DirecTV Enters., Inc.*, 358 F.3d 870, 875 (Fed. Cir. 2004).

Even if we were to adopt the definition of laminated proffered by Appellant, "made by pressing together thin layers of material" (App. Br. 24), Appellant does not present any arguments as to why such pressing excludes that conducted by mechanical means as in Sibbet.

We treat Appellant's argument directed to a rejection of claims 21, 27, and 36 as unpatentable over Sibbet and Stoller (App. Br. 25) as an argument against the rejection of claims 21, 28, and 36 as unpatentable over Sibbet and Stoller. We select claim 21 as representative under 37 C.F.R. § 41.37(c)(1)(iv).

We cannot agree with any of Appellant's assertions regarding the rejection of claim 21. The fact that Stoller lacks the structure of Sibbet to which the Examiner proposes to apply Stoller's teachings does not demonstrate "teaching away" since there is no criticism of Stoller's structure or that recited in the claim. *See* App. Br. 25; *In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004). There is no requirement under § 103 that a single reference must disclose all aspects of the claimed subject matter for that subject matter to be obvious. *Contra* App. Br. 26. We can see no support for Appellant's assertion that the Examiner's proposed combination would in any way destroy some essential element of Sibbet. *See* App. Br. 26. We are uncertain as to why Appellant believes that the fact that Sibbet teaches something "absent from appellant's teaching" demonstrates what Appellant has claimed is nonobvious. *See* App. Br. 27.

We treat Appellant's argument directed to a rejection of claims 21, 28, 29 and 36 as unpatentable over Sibbet, Stoller and Simmons (App. Br. 28) as

4

Appeal 2013-005972
Application 11/217,904

an argument against the rejection of claims 22, 29, 30, and 37 as

unpatentable over Sibbet, Stoller, and Simmons. We select claim 22 as

representative under 37 C.F.R. § 41.37(c)(1)(iv).

Appellant contends that "[n]ot a single cited reference shows

appellant's formerly molten polyolefin bond used to join two polyolefin

sheets together with a scrim layer sandwiched therebetween." App. Br. 28.

The test for obviousness is not whether the claimed invention is expressly

suggested in any one or all of the references, but whether the claimed subject

matter would have been obvious to those of ordinary skill in the art in light

of the *combined teachings* of those references. *See In re Keller*, 642 F.2d

413, 425 (CCPA 1981). We agree with and adopt as our own, the

Examiner's findings and conclusions regarding the hot melt process by

which plastic is formed directly on fabric in Simmons. Ans. 7, *citing*

Simmons, col. 3, ll. 33-44.

Appellant also argues that "appellant firmly and permanently

laminates the first and second polyolefin layers and the intervening scrim

together, by use of the formerly molten layer of polyolefin." App. Br. 29.

Our analysis is the same as above and the same as the Examiner's:

limitations not appearing in the claims cannot be relied upon for

patentability. *See In re Self*, 671 F.2d 1344, 1348 (CCPA 1982); Ans. 9.

Further, we are not apprised of any reason why the result of Simmons'

process would be understood to have a permanence that differs from that of

Appellant.

In arguing the rejections discussed above we note that Appellant also

points out some of the perceived drawbacks of Sibbet and Stoller's devices

and perceived advantages of Appellant's device. App. Br. 23, 26. "The

invention disclosed in [Appellant's] written description may be outstanding

5

Appeal 2013-005972
Application 11/217,904

in its field, but the name of the game is the claim." *In re Hiniker Co.,* 150

F.3d 1362, 1369 (Fed. Cir. 1998).

In addressing the rejection relying in part on Powell, Appellant states

that Powell does not compensate for the deficiencies of the other references

(App. Br. 30) and accuses the Examiner of importing hindsight into the

obviousness analysis (App. Br. 31-33). Above, we have discussed why we

have not been apprised of any deficiencies of the other cited references.

Appellant's allegation of hindsight states case law without any application to

the facts of the present cases. Appellant has not alleged with any specificity

what knowledge the Examiner has gleaned only through Appellant's own

Specification.


DECISION

The Examiner's rejections are affirmed.


No time period for taking any subsequent action in connection with

this appeal may be extended under 37 C.F.R. § 1.136(a). *See* 37 C.F.R.

§ 1.136(a)(1)(iv).


AFFIRMED


mls


6

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 28th day of March, 2014, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Nathan K. Kelley
Brian T. Racilla
Jamie L. Simpson
OFFICE OF THE PATENT AND TRADEMARK OFFICE
Post Office Box 1450, Mail Stop 8
Alexandria, Virginia  22213
(571) 272-9035

*Counsel for Appellee*

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Brief of Appellant will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ Mathew R. P. Perrone, Jr.
*Counsel for Appellant*

CASE PARTICIPANTS ONLY

# CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*4,549*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>March 28, 2014</u>        <u>/s/ Mathew R. P. Perrone, Jr.</u>
                                                        *Counsel for Appellant*